Court of Appeals for Hamilton County. ·

NADINE PROCTER v. PERCY PROCTER.

Decided, March 15, 1915.

*Relief After Judgment—Construction of the Phrase "Unavoidable Casualty or Misfortune" as Ground for Vacating a Decree—Petition for Vacation in a Divorce and Alimony Case—Section 11631.*

1. The "unavoidable casualty or misfortune," which is made by statute a ground for modifying a decree after term, has reference to occurrences of a character that prevented the party from prosecuting or defending, and not simply to a casualty or misfortune which prevented the party from attending the trial in person.
2. While the petition in the instant case, for vacation after term of the decree entered in a divorce and alimony case, contains rather startling averments, it omits averments necessary to establish the right to the relief sought, and the action of the court below in dismissing the petition is affirmed.

*Littleford, James, Ballard & Frost, Jesse Watson* and *H. Francis Dyruff*, for plaintiff in error. ·

*Maxwell & Ramsey, Joseph S. Graydon* and *Joseph L. Lackner*, contra. .

RICHARDS, J.; CHITTENDEN, J., and KINKADE, J., concur.

Error to the court of common pleas. ·

· The original action was a petition for divorce brought by the husband against the wife, Nadine Procter. Personal service was made on the wife, and an answer was filed by her admitting the marriage and denying all the other allegations of the petition. The case was tried in the common pleas court, in her absence, and a decree of divorce granted to the husband, and finding that by reason of a written agreement entered into between her and her husband, she was not entitled to alimony. Some five months after the decree was entered she filed in the same action a petition to vacate the decree. When that petition came on to be heard, it was held by the common

pleas court to be insufficient, and the court refused to vacate the decree, and this proceeding in error is prosecuted to that decision.

It appears from the record that she was married to the plaintiff in 1909 in London, and in her petition to vacate the decree she avers substantially that she was prevented from attending the trial by unavoidable casualty and misfortune, in that after she was served with the summons it was necessary for her to return to Europe to attend to some important business matters, among them, the saving of her chateau in Menton, France, from being sold under foreclosure; and she avers that before leaving she had made arrangements with attorneys, whom she does not name, to see that the cause should not be tried until she should have an opportunity to appear and defend. She sets forth that upon receiving notice of the approaching trial, she embarked from Europe on April 11, 1912, upon the steamship "Titanic," and that on the 15th day of April, 1912, this steamship collided with an iceberg and was lost. She avers that in being lowered into a small boat her knee was severely injured, and she was so shocked by being afloat in the middle of the ocean that she became unconscious and lost her senses and did not recover the same until she found herself in a hospital in London, and that she remained in that hospital, and under the care of friends, until in May of 1912, when she traveled to her mother's home in St. Petersburg, Russia. It appears from her pleading that she again sailed for America, arriving on the steamship "President Lincoln" about August 15, 1912, and on reaching New York learned that a decree had been entered in the case in the preceding June. The petition also contains averments, in substance, that she has newly-discovered evidence which she could not have discovered and produced at the trial, among other evidence, that the plaintiff had been guilty of adultery during the continuance of the marriage relation, and that she had further discovered evidence of the falsity of material portions of the testimony given on the trial, and that she could have proved, among other things, that the plaintiff was a very wealthy man and that she was practically without means

and was entitled to a substantial allowance of alimony. She avers that she could have established that the contract between her and her husband was not binding upon her and not a bar to her right of dower or alimony. No answer or demurrer was filed by the plaintiff to this petition to vacate the decree, but the same was heard on the petition as if on demurrer and motion to dismiss, and the court, finding that the averments did not entitle the defendant to have the decree entered at the former term vacated, dismissed the petition to vacate.

The record in the case discloses that various incidents in the proceedings took place in widely separated places. The marriage, as has been stated, was solemnized in London. The defendant's answer was prepared in the city of New York. Depositions were taken at Nice, France, at the Boulevard Victor Hugo. During the taking of the depositions an adjournment was had for the purpose of allowing the American Consul to take a trip to Menton, France, and in addition to these, the defendant, after the action was brought, resided for a time in St. Petersburg, Russia.

The original petition for divorce was filed on January 16, 1912. The case was heard on April 11, 1912, but under the rules of the Common Pleas Court of Hamilton County, was taken under advisement for a period, and a decree was not in fact entered until June 8, 1912. The petition to vacate the decree was not filed until January 4, 1913, although she had apparently landed in New York on her final return to America, on August 15th previous.

The section of the General Code on which she principally relies is known as General Code, 11631, Paragraph 7, empowering the common pleas court to vacate or modify a judgment or order after term, "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." The petition filed by her contains averments which are sufficiently startling, but the absence of other averments which would seem to be important is significant. It does not appear from that pleading *when* she returned to Europe, nor when she received notice of the approaching trial, nor that she could not have

given her deposition while in London in May, 1912, fully set-
ting forth her testimony, and filed the same in the Common
Pleas Court of Hamilton County before the decree was
rendered on June 8, 1912. . She was able during May to travel
from London to St. Petersburg. It will be noted that the sec-
tion of the General Code to which reference has been made, only
authorizes the setting aside of a judgment for unavoidable
casualty or misfortune, when it is of such a character as pre-
vents the party from prosecuting or defending. It is not simply
such an unavoidable casualty or misfortune as prevents the
party from attending, in person, the trial. Furthermore, if she
were in fact a passenger on the ill-fated Titanic and shipwrecked
as set forth in her pleading, and as a result thereof confined in
a hospital in London, it is inconceivable that a postponement
of the trial would not have been granted if asked by her. No-
where does it appear that she ever communicated with the court,
asking for any delay, nor that she filed any pleading in the case
except an answer which did not ask for alimony, and probably
for the reason that she was then not denying the validity of the
written agreement made between her and her husband barring
her of alimony and dower. While the answer was prepared in
New York in February, it was not filed in the court of common
pleas of this county until the day the decree was entered,
namely, June 8th. Although summons had been served on her
in January, 1912, she had not employed counsel to represent
her in the case and before starting to Europe she failed to em-
ploy counsel to represent her other than to secure a postpone-
ment. If it be true as she avers, and the truth of the averment
must be assumed for the purposes of this case, that she was a
passenger on the steamship Titanic at the time it collided with
an iceberg, then the query naturally arises how she came to be
thereafter in a hospital in London, in view of what is said to be
well known current history, that the survivors of that shipwreck
were picked up at sea by a vessel which landed them at an
American port.

While the petition to vacate the decree is broad enough to
include, not only that portion of the decree which refused ali-

mony to the defendant, but also the decree of divorce, it is nevertheless not contended now by defendant's counsel that she is entitled to have the divorce decree set aside.

The court of common pleas committed no error in holding the allegations of her petition insufficient to justify setting aside the decree refusing her alimony. The judgment of the common pleas court will, therefore, be affirmed.

---

### RECOVERY OF SALARY BY SANITARY OFFICER FOR REMAINDER OF TERM AFTER DISCHARGE.

Court of Appeals for Licking County.